(No. 89-CC-3761–)

ALBIN CARLSON & COMPANY, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed March 12, 1996.*

SORLING, NORTHRUP, HANNA, CULLEN & COCHRAN (CRAIG BURKHARDT, of counsel), for Claimant.

JIM RYAN, Attorney General (LAWRENCE RIPPE, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

The Claimant filed its complaint in the Court of Claims on June 21, 1989, later amending the complaint on November 22, 1991, claiming $5,134.08 in damages as a result of the State's breach of contract and withholding of full payment for work completed on a certain bridge repair.

A hearing was held on March 27, 1992. The evidence consists of the hearing transcript and copies of the following: The contract, the rules and procedures for waiver of minority business enterprises provisions, the requests for waiver from MBE provision, the denials of waiver requests, the contract changes eliminating certain work, the guidelines for good faith compliance with the provision and the DBE/WBE utilization plans. Both Claimant and Respondent filed briefs in this matter.

### Facts

On April 3, 1987, the Illinois Department of Transportation and Albin Carlson & Company, Claimant, entered into contract number 42402 whereby the Claimant was to act as general contractor for certain bridge repair work in DuPage County, Illinois. A contractual provision required Claimant to subcontract an identified percentage of the total dollar amount of the contract to approved minority business enterprises or disadvantaged business enterprises (hereinafter "MBE provision"). The two parties had reached a suitable MBE provision plan when work began on the project.

Shortly after beginning the work, the Claimant was informed by Respondent that certain change orders were being implemented, thereby eliminating some of the work the Claimant had subcontracted out to disadvantaged business enterprises and women owned business enterprises (hereafter DBE and WBE). The Claimant did not replace the eliminated MBE percentages with new work for the DBE and WBE subcontractors.

The dispute in this case centers on Claimant's belief that it properly complied with the MBE provision as set forth in the contract and the Respondent's belief that it did not comply. The Respondent withheld $5,134.08 from the final payment due to Claimant, which amount the Respondent states should have been subcontracted pursuant to the MBE provision of the contract.

The MBE provision in the contract was subject to a waiver provision as set out in the contract and in the Administrative Code at 44 Ill. Adm. Code, section 645.50. This Code section requires that, before final payment, the general contractor must demonstrate compliance with the special provision and may state reasons for waiver or modification of the special provision if he has not complied. If the equal employment opportunity officer, Bureau of Construction, does not agree that the general contractor has utilized good faith efforts to secure the minority contractors necessary to comply with the special provision or that some other reason exists for waiver or modification of the special provision, the officer shall compile a determination. The officer shall then notify the general contractor by registered or certified mail of the determination and shall provide the general contractor with all information supporting or tending to support the determination. Failure of the officer to mail notification of this determination to the general contractor

within 20 business days of receipt of the general contractor's report shall be deemed a waiver of any objection, related to compliance with the special provision, to payment of the contract price.

The Claimant requested a waiver of the provision on January 14, 1988. The request was sent to Ralph C. Wehner, the district engineer of IDOT, Division of Highways district one, in Schaumburg, Illinois, attention Mr. Alden Chapital. This is the district office of the Bureau of Construction, Equal Employment Opportunity and Labor Compliance Section, IDOT district one. The Respondent argues that the Claimant sent the waiver request to the wrong office, that it should have been sent to the Springfield office. The code requires the request be sent to the equal employment opportunity officer, Bureau of Construction. It does not specify which office of the bureau.

The waiver requests were stamped received by the Bureau of Construction January 19, 1988, Equal Employment Opportunity and Labor Compliance Section, IDOT district one. The Respondent argues that the proper "officer" did not receive the waiver requests until the date stamped on the back of the request, June 28, 1988, Bureau of Small Business Enterprise. The request was then denied by Mr. S. Rown Woolfolk, bureau chief of Small Business Enterprises, on June 29, 1988, based on the claim that the Claimant had not made good faith efforts to comply with the MBE provision.

The Claimant contends that the denial was well outside the 20-day notification period since it made its requests on January 14, 1988, and the denial was made June 29, 1988. The Respondent contends that the denial should be upheld because it was made one day after the request was received by Mr. Woolfolk and that the basis of denial was lack of good faith effort to comply with the

provision. The Claimant does not deny that it made no further effort to comply with the provision after the work changes were made by the Respondent. The Claimant feels it had good reason not to comply because the substitute enterprises were not available and the work was something it did itself or would be overburdensome to supervise as a result of the changes.

## Law

The Claimant bases its claim on the theory that the Respondent did not deny the waiver on time and it did not give legitimate consideration of "other existing good reasons" for waiving the provision in the alternative to the good faith provision. The Respondent focuses primarily on the fact that it believes that the Claimant did not make a good faith effort to replace the lost MBE work caused by the contract changes. This Court feels that the good faith aspect of the MBE provision stressed by the Respondent, while compelling and a legitimate concern, cannot be used in denying the full payment to the Claimant because of the department's failure to deny the waiver within the 20-day time limit.

The time period within which the waiver determination must be delivered should be strictly construed. The contract is clear that the Respondent's right to deny the waiver expired after 20 days of receipt of the request by the equal employment opportunity officer, Bureau of Construction. The time provisions of the contract are to be judged from its terms. (*Zempel v. Hughes* (1908), 235 Ill. 424, 433, 85 N.E. 641.) The waiver was effectively granted, and Respondent's argument that the 20-day period did not begin until June 28, 1988, when the request was received by the bureau chief of Small Business Enterprises, does not coincide with the rules that the Respondent set forth itself in the code section 645.50,

whereby "the officer" is meant to be the equal employment opportunity officer, Bureau of Construction. The Respondent set forth the terms of the contract and it must be held to those terms.

The Respondent claims that the request was denied by the correct officer, even though that officer is no longer located in the Bureau of Construction. This confusion of which office the request should be sent to appears to be one of the Respondent's own making, in making ambiguous terms in the contract. An ambiguous contract is construed against the party who drafted it, since he chose the language, and is therefore responsible for the ambiguity. *Epstein v. Yode* (1st Dist. 1979), 72 Ill. App. 3d 966, 391 N.E.2d 432, 29 Ill. Dec. 169, 174-175.

The Court hereby awards the Claimant damages in the amount of $5,134.08, due to the Respondent's failure to comply with the time limit of 20 days for denial of waiver requests as set up in the contract and in the Administrative Code, section 645.50.